**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In Re: Asbestos Product Liability Litigation (No. VI)** | **Civil Action No. MDL 875** |
| **Clifford Malone,**<br><br>        **Plaintiff,**<br>**v.**<br><br>**A.C And S Inc.,** *et al.*,<br><br>        **Defendants.** | **PA-ED Case No. 2:10-cv-68124** |

## GEORGIA-PACIFIC LLC'S RESPONSE TO PLAINTIFF'S MOITION FOR LEAVE TO DEPOSE CLIFFORD MALONE

Georgia-Pacific LLC moves this Court for an order denying Plaintiff Clifford Malone's Motion for Leave to Depose Clifford Malone as follows:

1.      Cascino Vaughn Law Offices ("CVLO") moves "to take the deposition of [Plaintiff] Clifford Malone," pursuant to Federal Rule of Civil Procedure 30(a)(2)(ii), which allows a party to take a deposition with leave of court if "the deponent has already been deposed in the case." This request should be denied because, as CVLO notes, Plaintiff has already been deposed twice. (CVLO's Motion for Leave to Depose Clifford Malone at ¶1).

2.      Malone was first deposed on February 28, 2012, when CLVO elicited testimony identifying Georgia-Pacific without counsel for Georgia-Pacific present. Georgia-Pacific filed a motion for sanctions because of CVLO's conduct. (*See* Georgia-Pacific's motion, attached as *Exhibit A*). Subsequently, this Court partially granted Georgia-Pacific's motion, holding that CVLO was precluded from using Plaintiff's February 28, 2012 testimony against Georgia-Pacific. (*See* April 2, 2012 Order, attached as *Exhibit B*).

3.      CVLO argues that it should be able to "resume" Plaintiff's deposition so that it may "preserve" his testimony since this Court's April 2, 2012 Order precludes CVLO from using Plaintiff's February 28, 2012 deposition testimony against Georgia-Pacific. (*See Exhibit A*, April 2, 2012 Order and *Exhibit B*, Georgia-Pacific's Motion for Sanctions). CVLO further argues that the "court's April 2, 2012 order clearly contemplates that Mr. Malone be allowed to offer testimony as to his exposure to Georgia-Pacific's asbestos-containing products." (CVLO's Motion for Leave to Depose Clifford Malone at ¶6).

4.      However, Plaintiff was deposed again on March 27, 2012. CVLO scheduled this deposition and insisted it go forward on March 27. Both CVLO and counsel for Georgia-Pacific questioned Plaintiff about his exposure to Georgia-Pacific products. In fact, Counsel for CVLO indicated he had no more questions for Plaintiff:

> MR. HANBURY [counsel from CVLO]:  That's all I have.
>
> Are we done?
>
> (No verbal response.)
>
> Okay.  You're [referring to Plaintiff] done.

(Transcript of March 27, 2012 Deposition of Clifford Malone, attached as *Exhibit C,* at 43:13-16).

5.      While Plaintiff's second deposition was taken before this Court issued its order on April 2, 2012, this deposition was taken after CVLO and Georgia-Pacific argued Georgia-Pacific's motion for sanctions in this Court on March 26, 2012. At that time, this Court made clear that Plaintiff's testimony about Georgia-Pacific might be quashed. (*Exhibit D, Transcript of March 26, 2012 Argument at 21:12-22:4; 27:4-8).* In fact, counsel for CVLO admitted that striking Plaintiff's prior testimony was a possibility:

> If you want . . . you can just strike all – everybody's testimony,
> you know, Cooper's and Malone's, and we'll put – we'll put these
> guys up for deposition again, and they can start with their cross-
> examinations as if the deposition testimony never existed.

(Exhibit D at 2421-25:3). Therefore, during Plaintiff's second deposition – taken March 27, 2012 – CVLO was on notice that this Court might quash Plaintiff's February 28, 2012 testimony against Georgia-Pacific.

6.      CVLO had its opportunity to "preserve" Plaintiff's testimony during his March 27 deposition. CVLO chose to ignore this opportunity, and now seeks leave to depose Plaintiff a third time. Not only would granting CVLO's request effectively abrogate this Court's sanction barring CVLO from using Plaintiff's February 28th testimony against Georgia-Pacific, but it would also undermine this Court's effort to efficiently conclude discovery in this case. It will also require Georgia-Pacific to incur additional and unnecessary costs.

7.      CVLO did not initially seek leave to depose Plaintiff a third time. Instead, CVLO scheduled Plaintiff's deposition, only cancelling this deposition and seeking leave to depose Plaintiff after counsel for Georgia-Pacific objected. (*See Exhibit E* email exchange between counsel for Georgia-Pacific and counsel for CVLO).

8.      CVLO was aware that it should ask whatever questions it felt were necessary to "preserve" Plaintiff's testimony on March 27, 2012, but chose not to ask these questions. Therefore, Georgia-Pacific asks that this Court deny CVLO's motion to depose Plaintiff a third time.

WHEREFORE, Georgia-Pacific respectfully requests that this Court enter an Order denying Plaintiff's Motion for Leave to Depose Clifford Malone.

Dated:  May 9, 2012              Respectfully submitted,

Michael W. Drumke
Attorney for Defendant Georgia-Pacific LLC
Swanson, Martin & Bell, LLP
330 North Wabash Avenue
Suite 3300
Chicago, Illinois 60611
Telephone: (312) 231-9100
Facsimile: (312) 230-0990
E-mail: mdrumke@smbtrials.com

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: Asbestos Product Liability Litigation (No. VI) | Civil Action No. MDL 875 |
| Clifford Malone, <br><br> Plaintiff, <br> v. <br><br> A.C And S Inc., *et al.*, <br><br> Defendants. | PA-ED Case No. 2:10-cv-68124 |

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2012, I electronically filed with this Court's ECF system, Georgia-Pacific LLC, f/k/a Georgia-Pacific Corp.'s, Response to Plaintiff's Motion for Leave to Depose Clifford Malone, which will send notification of such filing to the following:

Mr. Michael P. Cascino, Cascino Vaughan Law Offices, Ltd., 220 S. Ashland Ave., Chicago, IL 60607, and all counsel of record.

Michael W. Drumke
Attorney for Defendant Georgia-Pacific LLC
Swanson, Martin & Bell, LLP
330 North Wabash Avenue
Suite 3300
Chicago, Illinois 60611
Telephone: (312) 231-9100
Facsimile: (312) 230-0990
E-mail: mdrumke@smbtrials.com