IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In Re: ASBESTOS PRODUCTS : 
LIABILITY LITIGATION (No. VI) : Civil Action No:
 : MDL 875
This Document Relates to:

Clifford Malone : ED. Pa Case No. 10-68124

**FILED**
SEP 2 6 2012
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

ORDER

AND NOW this 25th day of September, 2012, upon consideration of "Georgia Pacific Corporation's Motion to Strike the Opinions of Plaintiff's Expert Stephen Kenoyer Regarding Georgia-Pacific and Motion to Bar Plaintiff's Expert Stephen Kenoyer from Offering any Testimony against Georgia Pacific" (Doc. 154), the response (Doc. 162), the reply (Doc. 166), and the second reply (Doc. 168), and after the September 13, 2012 oral argument on the motion, it is hereby **ORDERED** that the motion is **GRANTED in part**.[1] The opinions of Mr. Kenoyer

---

[1] In relation to a February 28, 2012 deposition of Plaintiff, Plaintiff's counsel had failed to list Georgia-Pacific as a "defendant[] about which the witness is expected to testify" in the deposition notice. (Doc. 73 Ex. A "Deposition Protocol", ¶ 2). As such, pursuant to the Deposition Protocol, Geogia-Pacific was not required to attend the deposition, and Plaintiff's counsel was not to elicit testimony regarding Georgia-Pacific products. (Deposition Protocol ¶ 6). Nonetheless, Plaintiff's counsel knowingly elicited testimony from Plaintiff regarding Georgia-Pacific products. On April 2, 2012, as a sanction for this willful violation of the Deposition Protocol, we entered an order granting in part Georgia-Pacific's motion for sanctions and forbade Plaintiff "from utilizing any of the testimony from the depositions where Georgia-Pacific was unrepresented." (Doc. 73).

We have further been advised that on March 27, 2012 while the motion for sanctions was pending, the parties, including Georgia-Pacific, deposed Plaintiff a second time. The previous day, on March 26, 2012, we told the parties during a telephone conference to proceed with the March 27, 2012 deposition but made it very clear that the court might strike the testimony regarding Georgia-Pacific taken during the earlier February 28, 2012 deposition. (Doc. 86).

In the current motion, Georgia-Pacific contends that because Mr. Kenoyer relied only the February 28, 2012 testimony in his May 3, 2012 report in order to link potential asbestos exposure to Georgia-Pacific products, those portions of the report should be struck and the expert

(continued...)

in his May 3, 2012 report as to Georgia-Pacific are stricken.

BY THE COURT:

_____
DAVID R. STRAWBRIDGE
United States Magistrate Judge

---

¹(...continued)
should be barred from testifying against Georgia-Pacific. After reviewing the report, it is clear that the February 28, 2012 testimony was the only testimony used by Mr. Kenoyer to potentially link Georgia-Pacific products to Plaintiff's exposure. (Doc. 154, Ex. F "May 3, 2012 Report"). Accordingly, as the February 28, 2012 deposition testimony regarding Georgia-Pacific was struck, we also strike Mr. Kenoyer's May 3, 2012 report as it relates to Georgia-Pacific.

We acknowledge that Fed. R. Evid. 703 permits an expert to "base an opinion on facts or data in the case that the expert has been made aware of . . ." and that the "facts or data" need not be admissible "if experts in the particular field reasonably rely on those kinds of facts . . ." We accept that a witness statement concerning whether an individual was in close proximity of an alleged asbestos-containing product in a case of this sort might well constitute "facts" upon which an expert might reasonably rely, but we are unwilling to conclude that the expert should be permitted to so rely upon testimony which was struck as a sanction for counsel's willful failure to follow our deposition protocol by eliciting testimony with respect to the Georgia Pacific product knowing that the witness, who was the Plaintiff himself, would not be subject to cross-examination by Georgia Pacific. To do otherwise would emasculate the sanction which we are not prepared to do.

We also note, importantly, that we provided plaintiff with an opportunity to continue the deposition and provide Georgia Pacific with the opportunity to cross-examine plaintiff. Plaintiff took advantage of this opportunity and we understand that Georgia Pacific elicited some 27 pages worth of testimony from Mr. Malone and that plaintiff's counsel took the opportunity to ask followup questions (Doc. 28). It is fundamental to our adversary system that the credibility of a witness is enhanced if he is subject to cross-examination. Indeed, "cross-examination is the principle means by which the believability of a witness and the truth of his testimony are tested." *Davis v. Alaska*, 415 U.S. 308 at 318 (1974). We submit that when an expert report relies heavily upon information coming from the witness, in this case a plaintiff discussing his own exposure to various asbestos-containing products, and the expert relies only upon the deposition taken where the witness was not subject to cross-examination while the followup deposition, which would include substantial cross-examination by the opposing party, raises a question about whether it was reasonable for that expert to rely only upon the deposition where the witness was not cross-examined by the opposing party. On balance, the equities here indicate to us that we must strike the Kenoyer report of May 3, 2012 as to Georgia-Pacific in that the conclusion of that report is wholly dependent upon the February 28, 2012 deposition which has also been struck as to Georgia-Pacific.